IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHARLES M. ROBINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-504-GMS |
| | ) |
| HON. HENLEY T. GRAVES, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM**

The plaintiff Charles M. Robinson ("Robinson"), a prisoner incarcerated at the Delaware Correctional Center, filed this lawsuit pursuant to 42 U.S.C. § 1983. He appears *pro se* and was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A. For the reasons discussed below, the compliant is dismissed for failure to state a claim upon which relief may be granted and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**I.    THE COMPLAINT**

Robinson alleges that in 2001 he was charged as a defendant in a state criminal case and on December 20, 2001, it was assigned to the defendant, the Hon. Henley T. Graves ("Judge Graves"). Robinson alleges that on September 3, 2003, he was arrested and charged with "threatening to kill" Judge Graves and his family. Robinson alleges that since that time, Judge Graves continues to preside over his criminal case and render decisions regarding Robinson's criminal sentence. Robinson alleges that Judge Graves has violated his rights to due process and equal protection because Judge Graves failed to recuse himself from the criminal case. Robinson

alleges that since September 30, 2003, he "has received retaliation" from Judge Graves "concerning his criminal sentence." Robinson seeks declaratory and injunctive relief, particularly that Judge Graves "recuse himself from all criminal proceedings concerning the plaintiff."

II.   **STANDARD OF REVIEW**

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner,* 404 U.S. 519, 520-521 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown,* 987 F.2d 188, 194 (3d Cir. 1993)). An action is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams,* 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." *Deutsch v. United States,* 67 F.3d 1080, 1083 (3d Cir. 1995). Additionally, a *pro se* complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner,* 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)).

III.  **ANALYSIS**

Robinson alleges a violation of his constitutional rights because Judge Graves did not recuse himself from criminal proceedings involving Robinson. Judges are absolutely immune from suits for monetary damages and such immunity cannot be overcome by allegations of bad faith or malice. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Furthermore, judicial immunity can only be overcome if the judge has acted outside the scope of his judicial capacity or in the "complete absence of all jurisdiction." *Id*. at 11-12.

The court takes judicial notice that Robinson made similar allegations against Judge Graves when he appealed his sentence to the Delaware Supreme Court. *See Robinson v. State*, 869 A.2d 328 (Del. 2005). The Delaware Supreme Court held that there was no error, plain or otherwise, on the part of Judge Graves in presiding over Riley's sentence review hearing and that Judge Graves was not required to disqualify himself. Additionally, the Delaware Supreme Court found no evidence that any personal interest on the part of Judge Graves improperly influenced the outcome of the hearing. *Id.* It is obvious after a thorough perusal of the complaint and the findings of the Delaware Supreme Court that, despite Robinson's numerous allegations, Judge Graves did not act outside the scope of his judicial capacity, or in the absence of his jurisdiction. *Mireles*, 502 U.S. at 11.

The claim against Judge Graves lacks an arguable basis in law or in fact and, therefore, the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

IV.  **CONCLUSION**

Based upon the foregoing analysis, the complaint is dismissed without prejudice pursuant

to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Amendment of the complaint would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d. Cir. 1976). An appropriate order will be entered.

/s/ _____
UNITED STATES DISTRICT JUDGE

November 16, 2006
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHARLES M. ROBINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-504-GMS |
| | ) |
| HON. HENLEY T. GRAVES, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

At Wilmington this 16th day of November, 2006, for the reasons set forth in the Memorandum issued this date the complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) as legally frivolous. Amendment of the complaint would be futile.

UNITED STATES DISTRICT JUDGE



FILED

NOV 16 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE